44   29
104   359

THE CHELTENHAM FIRE-BRICK COMPANY, Respondent, v. ISAAC COOK, Appellant.

1. *Evidence—Bonds—Sureties—Admissions of principal.*—Admissions made before the execution of a bond by one who afterward executed it as principal, and which were not made in the progress of any business intrusted to him by the surety, and formed no part of the *res gestæ* of the subject matter of the suit, are not evidence against the surety on the bond, and should not be admitted in a suit on the bond against the surety. The statements made by the principal, at the time the bond was executed, in the presence of the other parties, and as a part of that transaction, stand on a different footing, as would any statement made by him in the progress of fulfilling the conditions of the bond.

2. *Contracts — Illegal consideration — Compounding a felony — Knowledge of crime, when necessary to make consideration illegal — Construction of statute.*—Where a criminal prosecution had been initiated, by the owners of the money taken, against a defendant for embezzlement, and the defendant in such prosecution, with another person as principal, executed a bond to refund the money embezzled to the owners, upon an agreement, express or implied, by the owners or their agent, to compound and cancel said crime and abstain from any prosecution therefor, it was not necessary, in order to establish the illegality of such consideration, to allege or prove that the obligees in the bond, who had initiated the criminal prosecution, had knowledge that a crime had in fact been committed. The statute (Gen. Stat. 1865, p. 801, ♀ 15) has no application to such a case. It makes certain acts offenses, and· provides the mode and measure of punishment for the wrong-doer; but it was not intended to legalize contracts which were void at common law, as against public policy, ;and of unsound tendency and character. But where no prosecution has been instituted, it is necessary to allege the fact that a crime has been committed, ·and that a party taking an obligation in consideration of forbearance to initiate a prosecution had knowledge of the existence of the supposed crime.

3. *Contracts — Consideration — Illegality of, how determined.*—Whether an ,obligation is tainted with an illegal consideration, and void for that reason, is ·a question to be determined by common law, and not by the statute.

4. *Contracts — Validity.—Good consideration unaffected by an illegal agreement.*—If a bond, given by one who has embezzled money to its owners, is given to secure the said money to the owners, and in consideration of that indebtedness and of the agreement on the part of the creditors to give an extension of time in which to make payments as therein expressed, unaffected by any agreement or understanding by the obligees on the bond or their agent that a criminal prosecution pending against the principal in the bond for such crime should, in consequence, be abandoned, and no other commenced, then there is no objection to the·bond as far as the consideration is concerned.

5. *Bond — Trust — Practice, Civil — Parties.*—Where a bond is executed for the payment of money to the obligee, part for his own use and part for the use of another, the obligee may sue in his own name, on his own behalf and as trustee for the other. A payment to the obligee, in accordance with the bond, of any money due to the *cestui que trust* would be a satisfaction of the demand, and the obligors in the bond could not be called upon to account again.

### *Appeal from St. Louis Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*Krum, Decker & Krum,* for appellant.

I. The Circuit Court erred in admitting in evidence the statements of Theodore Cook, made to Charles M. Elleard, A. B. M. Thompson, and Richard J. Howard, concerning the amounts of

money for which he was in arrear to his employers. These statements of Theodore were not made in the presence of the defendant, nor while he was authorized by any relation which he held to the defendant to bind him by his admissions. The defendant, by his writing, had promised to pay, not what Theodore Cook may have admitted to be due, but whatever amount was due in fact by Theodore to his employers. The indebtedness of Theodore to his employers was to be proved. This could be shown by the books he had kept while in their employ, settlements between them, etc.; but, clearly as against his surety, it was not competent to show it by declarations to third parties in the absence of the defendant and unconnected with the course of his business. (1 Phil. Ev. 525, 4th Am. ed.; 1 Greenl. Ev. § 187; State, to use of Squire, v. Bird, 22 Mo. 473; Blair v. Perpetual Ins. Co., 10 Mo. 567.) The admissions of a surety to bind his principal stand on the same footing of admissions of an agent to bind his principal. The declarations of the agent bind the principal only when they are made during the existence of the agency and in the line of his duties. (Rogers v. McCune, 19 Mo. 557; Ready v. Steamboat Mary, 20 Mo. 264.)

II. The defendant's promise was *nudum pactum*, and absolutely without any consideration valid in law. He received nothing, nor did plaintiff give up any right or suffer any inconvenience. (*a*) The illegality of the consideration, or the absence of a consideration, may be given in evidence as a defense to a promise, though the promise be under seal. (Gen. Stat. 1865, p. 686, § 24; Collins v. Blantern, 1 Sm. Lead. Cas. 154; and cases hereinafter cited.) (*b*) An antecedent debt due by A. to B. constitutes of itself no binding consideration for the promise to pay by a stranger, although the promise of the stranger be in writing. A written promise is necessary, by the statute of frauds, to make one party liable for the debt of another; but the statute of frauds does not dispense with the necessity of a valid consideration. (Cook v. Elliott, 34 Mo, 586.) Where the promise of the surety is made at the time of the creation of the debt, such debt is a sufficient consideration. But where the promise of the surety is made after the debt has been created, the past debt is not *per se*

sufficient consideration. (Robertson v. Findley, 81 Mo. 388 ; Pfeiffer v. Kingsland, 25 Mo. 66.) Where the promise of the surety is made in consideration of extension of time granted to the principal debtor, the creditor must be bound to give the extension, else there is no consideration which will bind the surety. (Russell v. Buck, 11 Verm. 166 ; Deacon v. Gridley, 28 Eng. L. and Eq. 345 ; 15 C. B. 295.) Mutual promises, of course, constitute valid considerations to pay the debt of another, but such promises must be mutually binding. (Pars. Cont. 448, 5th ed., cited in 41 Mo. 391.) In this State it is conclusively settled that a promise to give time by a creditor is not binding on the creditor and does not estop the creditor from collecting his debt by suit. (Bridge v. Tiernan, 36 Mo. 439.) Hence, such promise by a creditor to extend time still leaves the creditor to his right to sue at once, and is therefore no valid consideration for the promise of a stranger to pay the debt or secure its payment.

III. If an agreement to dismiss a pending criminal prosecution forms in whole or in part the inducement or consideration for a promise, such promise is absolutely void. The doing of any act by the promisee prohibited by law, or against the policy of the law, is an illegal consideration for a promise. Any promise made wholly or in part in consideration of the doing of something prohibited by law, or against public policy, or against public morals, is absolutely void. It is clear that if a contract be made on several considerations, one of which is illegal, the whole promise will be void. (Featherston v. Hutchison, Cro. Eliz. 199 ; Waite v. Jones, 1 Bing., N. C., 662 ; Shackell v. Rosier, 2 Bing., N. C., 634 ; Howden v. Haigh, 11 Ad. and El. 1036 ; Crawford v. Morrell, 8 Johns. 253.) The stifling of any criminal prosecution, commenced either by indictment of a grand jury or by complaint before an examining magistrate, is against the policy of the law, and hence is an illegal consideration (or rather no valuable consideration) for a promise. (Pars. Merc. Law, 29 ; Coppock v. Bower, 4 Mees. & W. 361.) Although the security for a debt or the promise of payment of a debt constitutes a part of the consideration for the promise of a stranger,

yet if part of the consideration be the promise to dismiss a criminal prosecution it taints the promise and makes it void *in toto*. (9 Ad. & El. 371; Clark v. Ricker, 14 N. H. 48; Gardner v. Maxey, 9 B. Monr. 90; Town of Hinesburg v. Sumner, 9 Verm. 23; Bell v. Wood's Adm'r, 1 Bay, 249; Den v. Moore, 2 South. 470; Badger v. Williams, 1 Chipm. 137; Raguet v. Roll, 7 Ohio, 76; Shaw v. Spooner, 9 N. H. 197; 22 Am. Jur. 23, 24; Bank v. Matthewson, 5 Hill, 252.) The receiving back of one's own goods or money taken by theft, larceny, or embezzlement, upon agreement not to prosecute, and with or without a reward for so doing, is a punishable offense at common law. (1 Hale's Crim. Prac. 546.) If A., who hath his goods stolen by B., receives them back again upon agreement not to prosecute, or to prosecute faintly, this is *theft bote*, and punishable by imprisonment. (1 Hale's Crim. Prac. 619; 2 Blackst. Com. 133.) Sections 15 and 16, Gen. Stat. 1865, p. 801, make it a felony to compound a felony, and a misdemeanor to compound a misdemeanor.

IV. The instruction given by the court, of its own motion (in lieu of the second and third instructions asked by defendant and refused), is erroneous, and tended to mislead the jury. This instruction in effect declares that the agreement of Howard to dismiss the criminal prosecution then pending was not an illegal consideration, unless Howard knew that Theodore Cook was guilty of the crime of embezzlement. Under this instruction, before the jury could find for defendant, they were required to find not only that the promisee had instituted a criminal prosecution against Cook, and had dismissed or agreed to dismiss such criminal proceedings as the consideration for obtaining this promise, but also that the promisee knew that Cook was guilty of having embezzled moneys; in other words, that the dismissal of a criminal prosecution as the consideration for a promise did not *per se* render such executory promise void. No adjudged case can be found in the reports which warrants this position. No author can be cited who approves such a doctrine. No valid reason can be urged to sustain it. But, on the contrary, all the adjudged cases, from the leading case of Collins v. Blantern

(1 Sm. Lead. Cas. 154) down to the latest American authority, uniformly hold the doctrine that any executory promise, founded in part or in whole upon an agreement to dismiss or stifle or embarrass any criminal process pending, is absolutely not enforceable against the promisee.

V. The petition in this case is not sufficient to sustain the judgment of the court below. It does not appear from the petition whether the plaintiff sues for money belonging to the plaintiff or to Evans & Howard. The plaintiff does not state that it is either the assignee or trustee of Evans & Howard, in respect to the moneys of the latter firm which Theodore Cook embezzled. Where a party sues as assignee of a chose, or as trustee of an express trust, the character in which he sues should be stated. It is traversable matter. The instrument contains several promises to pay several sums of money to different parties. The question, then, arises, in what capacity does the plaintiff sue in this case? Is it as trustee of an express trust? Then it should appear by apt averments that the plaintiff sues for the money due to Evans & Howard, and for which the defendant became bound. This does not appear. So, on the other hand, if the plaintiff seeks to recover the money due to itself, it should be so averred in the petition. Though several causes of action arising out of the same transaction may be united in the same petition, yet they must be separately stated. (Field v. Meyer, 37 Mo. 434.) The judgment asked for in a petition is a material part of it. (Rutherford v. Williams, 42 Mo. 18.) It is plain in this case that the pleader has blended two separate and distinct causes of action in the same count, and judgment is asked *in solido* for two separate and distinct causes of action.

*Glover & Shepley*, for respondent.

I. The cause of action on the bond was complete as soon as the thirty days had passed.

II. The action was well brought in the name of the Cheltenham Fire-Brick Company. The bond was made in trust to the corporation to cover all the moneys embezzled by Cook. The bond was beneficial to Evans & Howard, and the law presumes

their assent to it; and when the defendant Cook has settled with the Cheltenham Fire-Brick Company for the moneys due to Evans & Howard, they cannot call on him to account again. (Miles v. Davis, 19 Mo. 408; Sto. Eq. Pl. § 150; Gen. Stat. 1865, p. 651, § 3.) A trustee of an express trust may sue in his own name.

III. That Theodore Cook was under arrest at the time the bond was given is no defense, provided the process was not abused to any purpose of injustice. (Taylor v. Cottrell, 16 Ill. 93; Holmes v. Hill, 19 Mo. 160; Nealley v. Greenough, 5 Foster, 325.) The bond was not invalid as to Theodore, though given while in prison, if he gave it for no more than he honestly owed. (Bates v. Butler, 46 Me. 393; 1 Blackst. Com. 136.) If the bond was not given for more than was right, it was binding on Isaac Cook, of course, for Isaac Cook was not in prison. He can plead no duress, for he was in no restraint. This is not a statutory obligation. (Thompson v. Lockwood, 15 Ill. 259; Jones v. Turner, 5 Litt. 147; Mantell v. Gibbs, Brownlow, 64; McClintock v. Cummins, 3 McLean, 158; Robinson v. Gould, 11 Cush. 57.) To avoid the bond, duress must be offered to the party pleading it.

IV. The money taken by Theodore Cook, the thirty days' indulgence to Theodore, the annual indulgence in case of security given, and the one dollar paid to Isaac Cook to sign the bond, were each of them valuable consideration to support the bond. (Sto. on Cont. 536; Fell on Guar. 3.)

V. If the bond was made to compound the felony of embezzlement, it is admitted to be void. But the question of that consideration was distinctly submitted to the jury, who found that no such consideration existed. It is not compounding to abandon a prosecution, unless paid or agreed to be paid therefor. A man may secure by contract money stolen or embezzled without compounding the felony. One does not necessarily imply the other.

VI. The statements of Theodore Cook as to the amount of money owing by him were competent evidence. It is the condition of the bond that Theodore Cook shall have thirty days within which to "account for and pay over" the money due; that is, Theodore is to fix the amount — state the account. Theodore's

admissions—Theodore's statements—are expressly stipulated for. Isaac Cook knew nothing about it. Theodore knew all about it, and his adjustment would bind Isaac, so the bond says. And we insist that if we·can show that Theodore at any time stated the account, it fixes the amount of it, and is conclusive upon Isaac Cook. But Theodore and Isaac are co-obligors in the bond. The bond relates to past transactions of Theodore. And it is a general rule that the admission of one obligor binds another, independent of the agreement in the bond that it shall be so. Isaac contracts that Theodore's adjustment of the account shall be his adjustment. Theodore's admission at any time is conclusive on him as to his adjustment. If the position assumed by defendant is correct, there might be no way to prove the debt at all. If the books did not show the amount embezzled, all Theodore need do to save Isaac would be to close his lips. And though he had repeatedly stated the account prior to signing the bond, it could not be heard as evidence:

CURRIER, Judge, delivered the opinion of the court.

The plaintiffs sue on a written obligation or bond, which is in the following words:

"This obligation witnesseth: Whereas, Theodore F. Cook has been employed as book-keeper and treasurer of the late firm of Evans & Howard, also of the Cheltenham Fire-Brick Company, and in that capacity has received and improperly appropriated to his own use moneys of said concerns to an unknown amount, for which he is still in arrears, not having accounted therefor; and whereas, said concerns are· willing and hereby consent that said Cook may have thirty days' time within which to account for and pay over said sums of money: now, in consideration of the premises, and of the sum of one dollar by the Cheltenham Fire-Brick Company paid to said Theodore F. Cook and Isaac Cook, they each do hereby obligate themselves to pay to said Cheltenham Fire-Brick Company for their own use, also for the use of Evans & Howard respectively, all such sums of money as are now due said Cheltenham Fire-Brick Company and said Evans & Howard; said payments to be made, or to be secured to the satisfaction of the

Cheltenham Fire-Brick Company, within thirty days from the date thereof: *provided,* the said Isaac Cook shall not be held under this writing for an amount to exceed forty-five hundred dollars, to be paid in installments of one thousand dollars per year, with —— per cent. interest.

" In witness whereof, said parties hereto set their hands and seals, at the city of St. Louis, the third day of August, A. D. 1867.                          " T. F. COOK. [ Seal.]
                                " I. COOK.     [ Seal.]
" Witness : CHAS. M. ELLEARD."

The petition alleges that at the time of the execution of said bond Theodore F. Cook was in arrears to Evans & Howard in the sum of $8,000, and in a like sum to the plaintiffs, and to the two in a sum not less than $16,000. The answer denies these allegations, and then proceeds to set up an affirmative defense, alleging substantially that the bond is without consideration, illegal, and void—having, as the answer avers, been given in the compounding of a felony. It is alleged that R. J. Howard, acting therein as the agent of the plaintiffs and of the firm of Evans & Howard, procured the arrest of said Theodore upon a warrant issued by a justice of the peace, August 3, 1867, founded upon Howard's affidavit charging Theodore with embezzling the funds of the plaintiffs and of said Evans & Howard ; that the bond in suit was executed while said Theodore was under arrest, and in consideration of the agreement of said Howard to discharge him therefrom and to suppress and abandon said criminal proceedings. The plaintiffs replied, taking issue upon these averments.

At the trial, the bond sued on was read in evidence. In order to show the amounts due thereon, the plaintiffs gave in evidence the statements and admissions of Theodore F. Cook to third parties, made prior to the execution of the bond, and not in the presence of Isaac Cook. The defendant objected to this testimony, and duly excepted to the ruling of the court admitting it. These admissions ought to have been excluded. They were not evidence against Isaac Cook. The relation of principal and surety did not exist between him and the principal of the bond at the time the admissions were made. They were not made in the pro-

gress of any business intrusted to Theodore by the defendant, and formed no part of the *res gestæ*. (1 Greenl. Ev. § 187 ; 22 Mo. 470.) Besides, the bond did not require Isaac Cook to pay such sum as Theodore may have said was due, but only such amount as might turn out in fact to be due on an adjustment of the accounts, not exceeding $4,500. The statements made by Theodore at the time the bond was executed, in the presence of the parties and as a part of that transaction, stand on a different footing, as would any statement made by him in the progress of the adjustment of the accounts as contemplated by the bond.

The more important branch of the case, however, is covered by the instructions. The court refused all the instructions asked by the defendant, and in lieu of them, upon its own motion, gave the following :

"If Richard J. Howard, at the time of the execution of the instrument sued on, had knowledge that Theodore F. Cook, as book-keeper and treasurer of Howard & Evans and also of plaintiffs, had moneys belonging to said Howard & Evans and plaintiffs, by virtue of his employment as such book-keeper and treasurer, and converted said moneys to his use without the assent of said Howard & Evans, and without the assent of the plaintiffs, and that the instrument sued on was made by said Theodore F. Cook and the defendant Isaac Cook, upon an agreement or understanding, express or implied, to compound or cancel said crime or to abstain from any prosecution therefor, the jury should find for the defendant, notwithstanding that they may also find that said Theodore F. Cook was, at the time of making said instrument, indebted to said Howard & Evans and plaintiffs for the moneys so received and converted to his own use, and it was also intended that said instrument should be security for the payment of the whole or any part of said moneys."

This instruction assumes that it was necessary to the success of the defense that the jury should find, as a material and necessary fact, that Howard, at the time of the execution of the bond and of his supposed agreement to smother the then pending criminal proceedings, "had knowledge" that the crime of embezzlement imputed to said Theodore had actually been committed by him.

In other words, it directed the jury that unless they found a fact not alleged in the answer, the defense must fail; for the answer does not aver that Howard " had knowledge " that Theodore F. Cook had committed any criminal offense whatever. If the instruction contains a correct exposition of the law, then the affirmative defense alleged in the answer was insufficient and might have been stricken out on motion. To a considerable extent the instruction is in the language of the statute (Gen. Stat. 1865, p. 801, § 15), and appears to have been framed upon the theory that an agreement to suppress a pending prosecution, in order to be of a character to vitiate the consideration of an obligation founded upon it, must have been an agreement made criminal by that enactment, subjecting the party taking the obligation so induced to the particular penalties therein provided. If the theory were a correct one, the instruction would still be bad for its misleading character, since it could hardly fail to convey to the minds of the jury the idea that the " knowledge" it speaks of must have been of a direct and personal character—as that Howard witnessed the commission of the offense, or that he had other equivalent knowledge that the alleged offense had been committed.

But it is apprehended that the statute has no application to the case. It makes certain acts offenses, and provides the mode and measure of punishment for the wrong-doer; but it was not intended to legalize contracts which were void at common law, as against public policy, and of an immoral tendency and character. Whether the obligation sued on is tainted with an illegal consideration, and void for that reason, is a question to be determined by the common law, and not by the statute.

The answer unquestionably states a good defense. It alleges that the plaintiffs' agent had initiated a criminal prosecution against Theodore F. Cook; that a warrant issued thereupon, and that by virtue of it Cook was taken into the custody of an officer, and that while thus under arrest the bond in question was executed, upon the consideration that Cook should be discharged, the prosecution suppressed, and no further prosecution instituted against him; that Howard agreed to all this, and that, upon the execution of the bond so founded upon such agreement, Howard,

in fulfillment of his promise to do so, discharged Cook and dismissed the prosecution. These facts, if established in proof, destroyed the bond, and the jury should have been so instructed. Whether the prosecution was originated as an appliance to collect a debt, or was founded in the truth, it was not material to inquire. It was pending, and the public have an interest that such prosecution should be carried on to conviction or acquittal. It was not necessary that the answer should allege, and it does not allege, that any crime had been committed. And it could not therefore be necessary either to allege or prove, or for the jury to find, that Howard "had knowledge" that a crime had in fact been committed. (Steuben County Bank v. Matthewson, 5 Hill, 249; Himsbough v. Sumner *et al.*, 9 Vt. 23; Clark v. Ricker *et al.*, 14 N. H. 44; Raguet v. Roll, 7 Ohio, 74; Howden v. Haigh *et al.*, 11 Ad. & El. 1036.)

But when no prosecution has been instituted, the rule is different. In such cases it is necessary to allege the fact that a crime has been committed, and that the party taking an obligation in consideration of forbearance to initiate a prosecution "had knowledge" of the existence of the supposed crime. (5 Hill, 249.)

If the bond, however, was given to secure the amount of money due from Theodore F. Cook to the plaintiffs and Evans & Howard, and in consideration of that indebtedness and of the agreement on the part of the creditors to give an extension of time in which to make payments as therein expressed, unaffected by any agreement or understanding with the plaintiffs' agent that the pending prosecution should, in consequence, be abandoned, and no other commenced, then there is no objection to it so far as the consideration is concerned. Nor was the suit prematurely brought. The fair construction of the instrument is that the balances against Theodore Cook should be ascertained and satisfactorily secured in the course of the thirty days following its execution, and that, upon this being effected, in accordance with the terms of the agreement Isaac Cook should be required to pay no more than $1,000 yearly of the amount assumed by him. But satisfactory security was to be given before he could demand this additional time.

Nor is there any objection to the suit being brought in the name of the plaintiffs, in their own behalf and as trustees of the express trust stated in the bond. (Gen. Stat. 1865, p. 651, § 3; Miles v. Davis, 19 Mo. 408; Sto. Eq. Pl. § 150.) The arrangement was to pay directly to the plaintiffs an aggregate amount, composed of the balances due by Theodore F. Cook to the two establishments; Howard, of the firm of Evans & Howard, assenting thereto. Besides, as the arrangement was beneficial to Evans & Howard, the law presumes their assent to it. A payment to the plaintiffs; in accordance with the bond, of any balance due Evans & Howard, would be a satisfaction of the demand, and the obligors in the bond could not be called upon to account again.

The other judges concurring, the judgment of the court below is reversed, and the cause remanded for trial in accordance with this opinion.