WESTERN BOATMEN'S BENEVOLENT ASSOCIATION, Respondent, *v.* WILLIAM J. KRIBBEN *et al.*, Appellants.

1. *Practice — Trials — Referee, finding by, stands as the verdict of a jury.* — The finding of a referee stands as the verdict of a jury; and when there is any evidence to sustain it, the Supreme Court will suppose that the whole evidence was properly weighed and the requisite effect given to it.

2. *Corporations, officers of — Statements by, admissibility of as evidence — Res gestæ.* — Statements by an officer of a corporation, made while he was acting in the course of his official relations, with regard to the then existing state of affairs, become a part of the *res gestæ,* and are clearly admissible as evidence.

3. *Corporations, officers of — Loan by, of money of the corporation without authority — Responsibility of sureties.* — When an officer of a corporation loans money of the corporation without authority, and has failed to account for it, his sureties are liable thereupon, whether the persons to whom he loaned it are solvent or not.

4. *Corporations, powers of — Liability of agents — Sureties.* — A corporation can only exercise the powers expressly granted by its charter, or necessary to carry out some express power; and therefore a surety for one as agent for a corporation is limited to such acts as the corporation is authorized to require of its agents. But where the charter grants powers "to buy, exchange, sell, mortgage, transfer, or otherwise use its property," under these powers it might legally loan out its surplus funds, and the right to accept security for such loan follows as a necessary incident; and where gold was deposited with a corporation as collateral security for a loan, the title thereto vested lawfully in the corporation; and where an agent of the corporation converted such gold to his own use, his sureties were liable therefor.

5. *Corporations — Officers, bonds of — Variation in style of office.* — Where an official bond of an officer of a corporation was given for the faithful performance of his duties as treasurer, and the charter designates the officer as "secretary, who shall act as treasurer," *held,* that the sureties on its bond were liable for defalcations which occurred while he was acting as treasurer.

*Appeal from St. Louis Circuit Court.*

*E. C. Kehr, R. E. Rombauer,* and *C. G. Mauro,* for appellants.

I. The statements of Kribben should have been excluded because the admission was not made in the course of Kribben's business, nor in an accounting with his employers, nor cotemporaneously with the act of receiving the money, but long subsequent thereto, and was an admission of a fact existing anterior to the bond.

The declarations of the principal are admissible only against the surety when made under circumstances constituting them part of the *res gestæ*. "The surety is bound only for the actual conduct of the party, and not for whatever he might say he had done, and therefore is entitled to proof of his conduct by original evidence, where it can be had, excluding all declarations of the principal made subsequent to the act to which they relate, and out of the course of his official duty." (1 Greenl. Ev. 248, § 187.)

The declarations, to be admissible, must constitute the fact to be proved, and must not be mere admission of some other fact. (Luby v. Hudson R.R., 17 N. Y. 131 ; Rogers v. McCune, 19 Mo. 557.)

To be part of the *res gestæ*, the declaration must have been made at the time of the act done, so that the act and the declaration obviously constitute but one transaction. (1 Greenl. Ev. 138, § 108 ; *id*. 140, § 110 ; 1 Phill. Ev. 150, 436 ; Sto. Agency, 7th ed., 150–2.) Here the money was received long before the admission of its receipt was made.

The *res gestæ* presuppose a main fact, and mean the circumstances, facts and declarations which grow out of the main fact, are cotemporaneous with it, and serve to illustrate its character. (Mitchum v. State, 11 Ga. 615.) " The admissions of a principal forming no part of *res gestæ*, are not evidence against the securities." (State, to use of Squire, v. Bird, 22 Mo. 470–4 ; Cheltenham Fire Brick Co. v. Cook, 44 Mo. 37–8 ; Dunn v. Slee, Holt, N. P., 401 ; Snell v. Allen, 1 Swan, Tenn., 208 ; Walker v. Forbes, 25 Ala. 151.)

Plaintiff must prove the original existence of the debt before Kribben's admissions concerning it can be given in evidence. Before the admissions of a partner, after dissolution, can be received, the debt must first be proved *aliunde*. (Greenl. Ev. 150, note.)

II. Plaintiff had no right to make loans or receive the gold collaterals. The plaintiff can only exercise the powers expressly granted by its charter, or necessary to carry out some express power. (Ang. & Ames on Corp., 8th ed., 234–7, § 256 ; *id*. 240, § 259 ; *id*. 252–3, § 271 ; Blair v. Perpetual Ins. Co., 10

Mo. 559–65; Pearce v. Madison R.R., 21 How. 441; Sedgw. Stat. & Const. Law, 338.) The power to lend money is a banking privilege, which cannot be exercised by a corporation without an express grant in its charter. (New York Fire Ins. Co. v. Ely, 5 Comst. 560; People v. Utica Ins. Co., 15 Johns. 390.) Loaning money was not one of the objects for which the plaintiff was incorporated. (Grand Lodge of Alabama v. Waddell, 36 Ala. 313, 318–19.) The liabilities of the sureties being limited to such acts as plaintiff by its charter has a right to do, it follows that if plaintiff had no power to make loans, etc., the sureties are not bound for the loans or the collaterals not accounted for by Kribben. (Sess. Acts 1859, p. 343, §§ 2, 3; R. C. 1855, p. 371, § 4; Nolley v. Callaway County Court, 11 Mo. 462; State, to use of Atherton, 40 Mo. 228.)

III. The damages assessed by the court are excessive in amount.

IV. The referee erred in matters of law, in that he charged the securities with unauthorized loans made by the principal in the bond to members of the association, and by them not repaid, when it nowhere appears in the record that such loans were unauthorized; on the contrary, it expressly appears that loans were being constantly made by the members, with the knowledge and sanction of the officers of the association; and it nowhere appears that the members to whom such loans were made are not perfectly solvent and perfectly willing to pay them to the association on demand.

*Dryden & Dryden*, and *Krum & Decker*, for respondent.

I. The finding of the facts by the referee must be held to be conclusive in the present attitude of the case. The exceptions not having gone to the point that there was *no* evidence, the appellants cannot now raise the objection for the first time, and the report must be held conclusive so far, as the quantum of evidence is concerned.

II. The declarations and acts of Kribben in producing the money to the trustee, Gallagher, are binding on the sureties. (Southern Bank v. Armstrong, 40 Mo. 209.)

III. (1) The charter of the association creates and establishes the office of treasurer. The language of the charter is that the officers shall be, among others, "a secretary, who shall act as treasurer." (Sess. Acts 1858–9, p. 343.) The two offices are therefore but one. By the terms of the charter, the secretary of the association is *ex officio* its treasurer. The offices are one. (See Price v. Adamson, 37 Mo. 145.) The court will take notice from the very meaning of the words that the keeping of the record of the board of directors, etc., belonged to Kribben in his office of secretary, but that the collecting, keeping and disbursing of the money of the association appertained to him in his office of treasurer. (1 Phill. Ev., 4th ed., 626, and cases cited.)

(2) It is immaterial that there are no by-laws regulating the duties of Kribben as treasurer. The bond is the voluntary obligation of the signer, and is conditioned that Kribben "shall account and pay over," etc., and is good as a common-law obligation. (State v. Thomas, 17 Mo. 503, and cases cited; Switzer v. Hay, 2 Gray, 49; Commonwealth v. Teal, 14 B. Monr. 29.)

(3) Where, by color of authority, the principal obligor obtains money of the obligee and converts it, the obligors are bound on the bond, even though the office or character of the party be miscalled or do not exist at all. (Williamson v. Wolff, 37 Ala. 298; Rochester Bank v. Ellwood, 21 N. Y. 88; United States v. Cutter, 2 Curtis, 617; Commonwealth v. Teal, *supra.*)

(4) The defendants are estopped to deny that Kribben was treasurer of plaintiffs, that fact being recorded in the bond sued on. (Williamson v. Wolff, *supra;* Great Barrington v. Austin, 8 Gray, Mass., 444; Wendell v. Fleming, *id.* 613.)

IV. The violation of the charter cannot affect the legality of the means by which money came into the hands of Kribben, he having received it by color of his office. (Wylie v. Gallagher, 46 Penn. St. 205; *id.* 452; Rollins *et al.* v. The State, 13 Mo. 437; Inhabitants of Orono v. Wedgeworth, 44 Me. 49; Indianapolis v. Skeen, 17 Ind. 628; Mahaska v. Ingalls, 14 Iowa, 170; Bullwinkle v. Guttenburg, 17 Wis. 583.)

V. The gold coin in the treasurer's hands is within the provisions of the bond. It was money of the association while it

remained in his hands. By the terms of the charter the company had the power to loan out its surplus funds. The corporation was authorized to hold and receive all kinds of property, real, personal and mixed, and to buy all kinds of property, real, personal and mixed, and to exchange all kinds of property, and to mortgage all kinds of property, real, personal and mixed, and to sell the same and to transfer the same, and to pledge or encumber the same, and to alienate the same. Power to lend out its own funds is an inherent right of every person, natural or artificial. (Blair v. Perpetual Ins. Co., 10 Mo. 560; Commonwealth Ins. Co. v. Albert, 39 Mo. 181.) The obligation of the bond is that the treasurer shall pay over all the money of the association in his hands. If this gold coin is within the letter of the bond, the obligors cannot escape liability by saying it was unauthorizedly acquired by the company. It is none the less the money of the company, however acquired. That it was illegally acquired furnishes no defense to the sureties of the treasurer on his bond, for the bond is not conditioned to account for money of the corporation legally acquired, but simply to account for the money of the corporation; and the issue is narrowed down to whether it is money of the corporation. (Boehmer v. Schuylkill County, 46 Penn. St. 454; Wylie v. Gallagher, *id*. 205.)

WAGNER, Judge, delivered the opinion of the court.

We will not undertake to go into a consideration of the sufficiency of the evidence to support the finding of the referee. The finding of the referee stands as the verdict of a jury, and where there is any evidence to sustain it, we will suppose that the whole evidence was properly weighed and the requisite effect given to it.

This appeal is prosecuted by the sureties of Kribben, and it is objected by them that certain admissions made by him were allowed to be given in evidence; but we think the objection is untenable. The referee rejected the testimony in regard to the admissions of Kribben which were made before the execution of the bond, and also those made after the termination of his employment, in reference to past occurrences. The only statements admitted were such as were made while he was acting in the

course of his official relation with reference to the then existing state of affairs. They then become a part of the *res gestæ*, and were clearly admissible. (Blair v. Perpetual Ins. Co., 10 Mo. 559; State, to use, etc., v. Atherton, 40 Mo. 209; Cheltenham Fire Brick Co. v. Cook, 44 Mo. 29; Union Savings Association v. Edwards, 47 Mo. 445.) The point raised, that the damages assessed are in excess of the amount found by the referee's report, has been obviated by a *remittitur* filed in this court.

I cannot see that the referee erred in holding the appellants responsible for the money loaned by Kribben and not accounted for. It is not shown that he had any authority for appropriating the money in that manner; and whether the persons to whom he loaned it are solvent or not, is a matter of no consequence. Kribben used the money unauthorizedly, and has failed to account for it, and that must fix the liability of the sureties.

It is contended that it was error to charge the sureties for certain gold which was deposited as collateral security on discounted notes, which gold Kribben converted to his own use. The reason assigned for this is that no title could vest in plaintiff to such gold on a contract of loaning notes, as such contract was beyond the power of the plaintiff to enter into. The plaintiff's charter provides that it shall have power " to acquire and hold estate, real, personal or mixed, and the same to buy, exchange, sell and mortgage, transfer, pledge, or otherwise encumber or alienate, as the board of directors of said association may deem expedient; and said association shall be capable in law of inheriting, receiving, holding, selling or transferring all manner of property, whether by donation, bequest, or in any other form or manner, or from any or all persons, body and bodies corporate, in or out of this State; provided, however, the same does not exceed one hundred thousand dollars in value," etc.

The general doctrine undoubtedly is that a corporation can only exercise the powers expressly granted by its charter, or necessary to carry out some express power. And therefore a surety for one as agent of a corporation is limited to such acts as the corporation is authorized to require of its agents. (Blair v. Perpetual Ins. Co., 10 Mo. 559; Nolley v. Callaway County

Court, 11 Mo. 447.) But giving these acknowledged principles their fullest scope, still I can see nothing which would prohibit the plaintiff from loaning out its surplus funds. It would certainly not be authorized to do a banking business; but when it had money on hand it might loan it out at lawful interest in furtherance of its benevolent objects. The powers granted are of the most comprehensive character: to buy, exchange, sell, mortgage, transfer, or otherwise use its property; and I have no doubt that within these powers it might legally loan its money. And if it had the right to loan its surplus funds on time, the right to accept security for the loan followed as a necessary incident.

The further objection is urged that the bond was given for the performance of the duties of the office of treasurer, while the law designates the officer as "secretary, who shall act as treasurer;" and hence the conclusion is attempted to be drawn that the sureties should not be held liable. But there is surely no merit in this position. The sureties agreed to be responsible for Kribben as treasurer. He was treasurer, and while acting as such the defalcation occurred. They are conclusively bound by the recitals and by the pleadings in this case; and even if we admit that the bond is nothing more than a common-law instrument, they will not be the least relieved.

Upon the whole, we have been unable to find any material error in the record or any substantial merit in the appeal.

Judgment affirmed. The other judges concur.