## William E. Van Deventer, Appellee, v. North American Union Life Assurance Society, Appellant.

### Gen. No. 37,801.

Opinion filed February 11, 1936. Rehearing denied March 5, 1936.

Maloney & Wooster, of Chicago, for appellant.

Kern, Stiefel & Stiefel, of Chicago, for appellee.

1

On Rehearing.

Mr. Presiding Justice Hall delivered the opinion of the court.

On September 11, 1933, William E. Van Deventer brought suit against the North American Union Life Assurance Society, a corporation, in the municipal court of Chicago. The cause was submitted to a jury, which returned a verdict in favor of plaintiff of $736.12, upon which the judgment appealed from was entered.

In his statement of claim plaintiff alleges that on the 12th day of October, 1896, he was admitted to membership in the North American Union Life Assurance Society, a fraternal society, organized and existing under the laws of the State of Illinois, and that he had remained a member of that society, and was on the date of the filing of the suit a member thereof in good standing, and that he had paid all his dues and assessments; that the dues and assessments for the months of May, 1933, June, July and August, and up to April, 1934, inclusive, were paid at the rate of $28.01, per month, which is in excess of the amount originally agreed to be paid, and that such payments were made under protest and only after the defendant corporation had threatened to suspend the plaintiff from the society and forfeit his insurance, unless such payments were made.

It is alleged that on the 10th day of November, 1909, defendant executed, issued and delivered to the plaintiff a certificate of insurance, No. 1202, which provided, among other things, that in the event of the death of plaintiff, defendant would pay out of its mortuary fund to Anna T. Van Deventer, wife of the plaintiff, and the First Trust & Savings Bank of Chicago, as trustees, the sum of $4,000, upon satisfactory proof of the death of the plaintiff, and that this certificate contains the following further provision:

"Annuity. When said member shall have reached the age of seventy years, no further payments of assessments shall be required and he shall be entitled at his option to receive annually from and after his seventieth birthday as an annuity a sum equal to one-tenth of the amount agreed to be paid at his death, the aggregate amount of such annual payments shall in no case exceed the Mortuary benefit herein agreed to be paid, and shall be charged against such Mortuary benefit, and his beneficiary or beneficiaries, shall be entitled at his death to receive only the balance due after deducting the sum total of said payments so made."

It is also alleged that on the 18th day of May, 1933, claimant reached the age of 70 years, and that immediately thereafter demanded of the defendant the sum of $400, this being one-tenth of the amount payable at his death, and that defendant refused to pay. Plaintiff's claim is that the defendant is liable to pay the sum of $400 plus the sum of $336.12, the latter amount being the assessments levied against the plaintiff in claimed violation of defendant's contract with the plaintiff.

In an amended affidavit of merits filed in the case, defendant alleges among other things, that it is a fraternal society, organized under the laws of the State of Illinois, not for profit, but for the mutual benefit of its members and its beneficiaries; that when plaintiff was admitted to membership in the society, he executed an application for membership containing the following:

"If accepted as a member, I agree to comply with, and that my membership and all interests of the persons entitled to such benefits, shall be subject to all laws, rules and usages now in force in the Order, or which may be hereafter adopted by it"; that a certificate was issued to him for the sum of $2,000, and that this certificate contained the following provision:

"This certifies that William E. Van Deventer is a member of the North American Union duly admitted to membership in Kenwood Council . . . and upon condition that the said member complies in future with the laws, rules and regulations now governing the said North American Union, and the said Mortuary Fund and Reserve Fund thereof or that may hereafter be enacted to govern the same, all of which said laws, rules and regulations are also made a part of this contract; and upon said member assenting to and complying with all the conditions herein provided, the North American Union hereby promises and binds itself to pay out of its Mortuary Fund the sum of Two Thousand Dollars."

In this affidavit of merits it is stated that after the certificate above referred to was issued to plaintiff, it was canceled, and that in the year 1897 a second certificate was issued for the sum of $4,000. A third certificate was issued to the plaintiff, which was also canceled, and in the year 1909 the fourth certificate was issued, containing the annuity provision referred to in the statement of claim.

It is the claim of the defendant that the annuity clause in the certificate issued to plaintiff is ultra vires and void, and that the North American Union Life Assurance Society had no power or authority to issue such a certificate under the laws of the State of Illinois. It is also the claim of defendant that, it being a fraternal beneficial society, it reserved the right to and did amend its by-laws, and that by such amendment, it provided that a member would be bound by the amendments, and that any member is so bound.

The certificate of incorporation issued to defendant on June 8, 1895, recites that certain persons associate themselves together for the purpose of forming a corporation under an Act of the General Assembly of the State of Illinois entitled, "An Act to provide for the organization and management of fraternal beneficiary

societies for the purpose of furnishing life indemnity or pecuniary benefits to beneficiaries of deceased members or accident permanent indemnity disability to members thereof; and to control such societies of this State and of other States doing business in this State and providing and fixing the punishment for violation of the provisions thereof and to repeal all laws now existing which conflict herewith." Approved and in force June 22, 1893. This certificate provides, among other things, that the object of the incorporation is "to furnish and maintain a Mortuary Benefit Fund, from which shall be paid benefits in case of disability and death, or either, resulting from either disease, accident or old age of its members, such payments to be subject in all cases to compliance by the member with the contract rules and laws of the order." Also "to afford such relief to its members as shall be lawful under the laws of the State of Illinois governing such societies," and that "The Supreme Council shall have power, by law, to provide for the creation and maintenance of such mortuary reserve, surplus and other similar funds required by the laws of said association for meeting and caring for the mortuary, disability and other benefits and claims of the members and their beneficiaries, according to the forms and provisions of such laws and the benefit certificates or policies of insurance issued by the association." The Act of 1893, under which defendant was organized, provided that "such society shall make provision for the payment of death benefits, and may, in addition thereto, provide for the payment by 'local lodges' of benefits in case of sickness, disability or old age of its members." (Hurd's Revised Statutes, 1893, ch. 73.)

Notwithstanding the defense of ultra vires presented by defendant, it seems to be conceded that a "local lodge" could, under the provision of this act, issue such a policy as that issued by the defendant

6

company and provide for the payment of benefits to a member, upon such member reaching a certain age. What relation a "local lodge" has to the organization is not shown by the record. By an amendment made in 1895 to the statute in question, Hurd's Revised Statutes, 1895, ch. 73, par. 258, it is provided that "each society . . . may make provision for the payment of benefits in case of disability and death, or either, resulting from disease or accident or old age of its members."

In *Royal Drug Co., Inc. v. Levin,* 273 Ill. App. 231, an action was brought on a promissory note, payable to the Royal Drug Co., Inc. The Royal Drug Co., Inc., was chartered to manufacture, buy, sell and deal in drugs, chemicals, medicines and druggists' supplies, of every kind and description, drug sundries, sanitary appliances, fancy goods and other articles and things used in and pertaining to the druggists' supply business, and to do all acts and things reasonable and necessary for the conduct of such business or in connection therewith. The loan made by the plaintiff corporation was in a matter entirely distinct from its business, and it was contended by the defendant that, inasmuch as the corporation had no power to make such a loan, that it could not recover. In passing upon this question generally as to pleading ultra vires, as a defense, this court said:

"The defense of *ultra vires* is looked upon by many courts with disfavor, and in recent cases especially the rule has been frequently announced that the plea of *ultra vires* should not be allowed to prevail, whether interposed for or against a corporation, when it will not advance justice, but, on the contrary, will accomplish a legal wrong. R. C. L., vol. 7, page 676. See also Fletcher Cyc. Corp. (Perm. Ed.) vol. 3, sec. 1549. The decisions in this State have held, generally, to the same effect. *Darst v. Gale,* 83 Ill. 136; *Brown v. Scottish-American Mortgage Co.,* 110 Ill. 235; *Kadish*

*v. Garden City Equitable Loan & Bldg. Ass'n,* 151 Ill. 531; *Eckman v. Chicago B. & Q. R. Co.,* 169 Ill. 312; *American Credit Indemnity Co. v. Yamer,* 170 Ill. App. 350. In *Independent Order of Svithiod v. Ring Lodge No. 8,* 261 Ill. App. 289, this court in an extended opinion cited most of the cases in this State dealing with the subject of a contract *ultra vires* the power of a corporation. We there held that the loan of money by the corporation was an appropriate exercise of power for the attainment of the object for which the corporation was incorporated. In the recent case of *Benson Lumber Co. v. Thornton,* 185 Minn. 230, this subject was under discussion. In that case it was said: . . .

" 'Contracts should not be held *ultra vires* unless clearly shown to be.

" 'The present tendency is to restrict the defense of *ultra vires* in actions between private parties as far as possible, if not to deny it altogether, except in the case of contracts wholly executory. The general rule is that such contracts are unenforceable when wholly executory, but when executed on one side they are enforceable because the public policy of justice overbalances the public policy of keeping the corporation within the limits of its charter.

" 'An *ultra vires* contract fully performed on one side is enforceable either in favor of or against a corporation unless expressly prohibited by statute. In other words, if a corporation receives from an individual a substantial benefit under such a contract, it cannot repudiate the contract without restoring the benefit received. On the other hand, if an individual receives money or property from a corporation under such a contract, he or those claiming under him cannot repudiate the contract without restoring what was received. While this rule is generally said to be based on estoppel, it is equally sustained by the equity rule that one person or party shall not be permitted un-

justly to enrich himself at the expense of another. 2 Morawetz, Private Corp. (2nd Ed.) sec. 689.' ''

By section 8, chapter 32, ¶ 8, Illinois State Bar Stats. 1935, being ''An Act to revise the law relating to corporations for pecuniary profit,'' filed July 13, 1933, it is provided that:

''No limitation upon the business, purposes, or powers of a corporation, express or implied in its articles of incorporation or implied by law, shall be asserted in order to defeat any action at law or in equity between the corporation and a third person or between a shareholder and a third person involving any contract to which the corporation is a party or any right of property or any alleged liability of whatsoever nature.''

In view of the powers granted to this corporation, and of the fact that it received dues for all the years during which plaintiff was a member of the association, and had not at any time questioned any of the rights claimed by the plaintiff under his certificate, and further, in view of the holdings of this court and of the statute with reference to the defense of ultra vires made under similar circumstances, we are of the opinion that this defense is without merit. However, under the law and under the contract with the plaintiff, defendant had the right to amend its by-laws and to increase its dues, and it is our further opinion that plaintiff cannot recover back the additional amount of dues which he claims to have paid under protest. Therefore, the judgment is reversed and the cause is remanded with the direction that the municipal court enter a judgment against defendant for the sum of $400, the amount of his claim under the annuity clause in the contract of insurance.

*Reversed and remanded with direction.*

HEBEL, J., and DENIS E. SULLIVAN, J., concur.