Baker, et al. v. Farris.

John F. Baker, *et al.*, Appellants, *vs.* Harrison Farris, Respondent.

61   389
52a  117|
61   389
71a    8
61     389|
98a   267|

1. *Promissory note, given to compound felony—Allegation in suit on note before justice of the peace.*—A note given for the purpose of preventing a criminal prosecution is against public policy and void.  And in a suit before a justice, no pleadings being required, it is unnecessary to allege that the crime had been committed, and that the payee at the time of taking the note for such consideration knew of the fact of its commission.  It is sufficient if these facts appear upon trial.

*Appeal from Jackson Special Law and Equity Court.*

J. E. *Havens*, for Appellant, cited Claflin vs. McDonough, 33 Mo., 412 ; Cheltenham Fire Brick Co. vs. Cook, 44 Mo., 40 ; Steuben Co. Bank vs. Matthewson, 5 Hill., 249 ; Ward vs. Allen, 2 Metc. Mass., 53.

Wagner, Judge, delivered the opinion of the court.

This was an action originally brought before a Justice of the Peace, where the judgment was for the defendant.  The plaintiffs then appealed.  The defense made in both courts was, that the note was given without any consideration ; that it was executed to plaintiffs for a debt due by defendant's son, in which they claimed that he had obtained from them a wagon under false pretences, and they threatened to prosecute him criminally, unless the defendant would assume the liability ; that to prevent this, defendant made the note, and plaintiffs forbore to prosecute. This was denied by the plain-· tiffs, but the evidence was simply conflicting, and we cannot weigh it.   At the trial, the plaintiffs asked for no instructions, and the court gave two declarations of law for the defendant,. and then found the issues for him.

The first simply declared that if it should be found from the evidence that no consideration moved between the plaintiffs and defendant, for the note sued on, then the plaintiffs could not recover.  To that declaration there can be no objection whatever.  It simply submitted the question as a plain one of fact, whether there was any consideration or not, and that was a matter dependent wholly upon evidence.

The next instruction stated that if it was found from the evidence that the note sued on was given by the defendant for the purpose of saving (his son) the said John T. Farris from arrest or imprisonment, or for the purpose of compromising a charge of obtaining goods under false pretenses, then preferred, or about to be preferred, or threatened to be preferred, by the payers of said note, or either, against John T. Farris, then the consideration of said note was illegal. A note given for the purpose of defeating the execution of the criminal law, or for compounding a felony, is against public policy and void. But it is said that where no prosecution has been instituted it is necessary to allege the fact that a crime has been committed, and that a party taking an obligation in consideration of forbearance to initiate prosecution, had knowledge of the existence of the supposed crime. (Cheltenham Fire Brick Co. vs. Cook. 44 Mo., 29.)

In a suit upon a note before justices of the peace, there is no pleading on the part of the defendant. He merely denies that he owes the note, and the facts constituting the defense, are developed in the evidence. The evidence for the defense which the court found to be true, showed that the plaintiff who entered into the arrangement on behalf of the firm, knew the fact when he took the promise or obligation in consideration of forbearing to prosecute. He, it was, who told the defendant of the supposed crime of his son, and by threats induced the signing of the note. The instruction of the court is predicated upon this idea, and was, we think, correct.

As we find no error in any ruling of law, the judgment cannot be disturbed.

Judgment affirmed. All the other judges concur.