McCoy v. Green.

McCoy *et al.*, *Appellants*, *v.* Green *et al.*

1. **Contract, when Void.** A contract made upon the consideration that an impending and threatened prosecution for a felony will be abandoned is void.

2. ——: PRINCIPAL AND AGENT. Where a party through a third person, procures another to sign a contract upon consideration that the first will abandon a threatened prosecution for a felony, the acts of such third person are the acts of the first, and the contract is void.

3. **Promisory Note:** STIPULATION TO PAY ATTORNEY'S FEE: CONSIDERATION. A note which contains a stipulation that the makers shall pay attorney's fees and all costs of collection is not a negotiable promissory note, and the assignee of such note holds it subject to inquiry into the validity of the consideration of the note and mortgage by which it is secured.

4. **Judgment Against One of Several Defendants.** Judgment may be given for or against one of several defendants, and in a suit upon a note void as to one maker but valid as to the other, judgment should be for him as to whom it is void and against him as to whom it is valid.

*Appeal from Clark Circuit Court.*—HON. JOHN C. ANDERSON, Judge.

REVERSED.

*Hagerman, McCrary & Hagerman* for appellants.

(1) Appellants were entitled to judgment on the note against Chas. L. Green. His answer only alleges

that the note was assigned without consideration. The assignment being in writing imported a consideration. Abbott's Trial Ev. 4. The burden was on him to show that there was no consideration and he offered no proof. This judgment is an entirety and for this error the whole case must be reversed. *Ins. Co. v. Clover*, 36 Mo. 393. (2) The question of duress is not in this case. A case can only be tried and decided upon the issues made by the pleadings, whether tried to the court or to a jury. *Currier v. Lowe*, 32 Mo. 203; *Wade v. Hardy*, 75 Mo. 394; *Bank v. Armstrong*, 62 Mo. 59. The answer of Mrs. Green avers (*a*) fraud, covin and misrepresentation; (*b*) compounding of a felony; these defences are in distinct counts and each count must be sufficient within itself and cannot be aided by what is in the other. *Clark v. Whittaker Iron Co.*, 9 Mo. App. 446 and cases; *National Bank v. Green*, 38 Iowa 140. The first defence has no foundation in the record. The defence of duress is not averred because there is no allegation that there was a threat of an unlawful prosecution which is an indispensable element. The second count attempts to state the consideration to be the compounding of a felony, but fails to allege that a crime has been committed or a prosecution commenced. *Brick Co. v. Cook*, 44 Mo. 29, 40. The statute permits no inconsistent defences to be pleaded. Duress and the compounding of a felony are inconsistent defences. Pleadings define the controversy. They must be distinct and the court cannot go outside of them. Bliss' Code Pleading, sec. 138. There is no defence in the record and appellants should have judgment here. It is not sufficient to say that either one or the other of the defences must be true. *Plant v. Gunn*, 2 Woods C. C. 372. (3) Even if there had been duress or the compounding of a felony, a *bona fide* purchaser for value before maturity can recover on the note and mortgage. 1 Wharton on Contracts, sec. 146; *Bowman v. Hiller*, 130 Mass. 153; *Beals v. Neddo*, 2 Fed. Rep. 41; *Clark v. Pease*, 41 N. H. 425; *Hogan v. Moore*, 48

Ga. 162. The presumption is that the assignees of the note took it innocently before maturity, and in the absence of proof to the contrary they are entitled to recover. *Corby v. Butler*, 55 Mo. 398 ; *Horton v. Bayne*, 52 Mo. 531. The defence is to the note. The mortgage was given to secure that. Any defence to the note is a defence to the mortgage. An innocent holder of the note takes the mortgage freed from equities. *Carpenter v. Longan*, 16 Wallace 273 ; *Preston v. Morris*, 42 Iowa 549. This is expressly decided as to the defence of duress in *Beals v. Neddo*, 2 Fed. Rep. 41 ; *Rogers v. Adams*, 66 Ala. 600. (4) There can be no duress by threats of a prosecution unless the threat is of an unlawful prosecution. *Davis v. Luster*, 64 Mo. 43 ; *Plant v. Gunn*, 2 Woods C. C. 372 ; *Harmon v. Harmon*, 61 Me. 227 ; *Seymour v. Prescott*, 63 Me. 376 ; *Landa v. Obert*, 45 Tex. 539 ; *Smith v. Rowley*, 66 Barb. 502 ; *Compton v. Bunker Hill Bank*, 96 Ill. 301 ; *Adams v. Stringer*, 78 Ind. 175. To sustain the defence of compounding a felony it must be shown that a crime has been committed, or else that a prosecution has been begun. 1 Wharton on Contracts, sec. 483 ; *Brick Co. v. Cook*, 44 Mo. 29 ; *Bank v. Matthewson*, 5 Hill (N. Y.) 249 ; *Plant v. Gunn*, 2 Woods 372. (5) There being no proof that a crime had been committed, the defence of compounding a felony falls to the ground. The defence of duress under the pleadings is not in the case. A mere threat of an unlawful prosecution is not sufficient, even if the question of duress were in the case. *Seymour v. Prescott*, 69 Me. 376 ; *Harmon v. Harmon*, 61 Me. 227 ; *Plant v. Gunn*, 2 Woods 372 ; *Landa v. Obert*, 45 Tex. 539 ; *Insurance Co. v. Meeker*, 85 N. Y. 614 ; which in substance overrules *Eadie v. Slimmon*, 26 N. Y. 9. (6) The testimony of Mrs. Green was not sufficient to contradict the recitals of the officer taking the acknowledgment. *Insurance Co. v. Nelson*, 103 U. S. 544 ; *Kerr v. Russell*, 69 Ill. 666 ; *Calumet, &c., Co. v. Russell*, 68 Ill. 426. The justice cannot be permitted to contradict the recitals of

his certificate. Proffatt on Notaries, § 155 and cases. (7) The defence fails upon the pleadings and the proofs. This was a suit in equity and is before the court for trial *de novo* and a decree should now be entered for plaintiff or directed to be entered by the lower court. R. S., secs. 3776–3779; *Durkee v. Chambers*, 57 Mo. 575; *Darrier v. Darrier*, 58 Mo. 222.

*Anderson & Schofield* and *Matlock & Hiller* for respondents.

(1) It is admitted by the record that the instrument sued on was assigned after its maturity. It is, therefore, open to any defence, in the hands of the assignees, which might defeat it if sued on by the payee. And, even without such record admission, the assignees took the paper subject to any or all such defences, because the instrument is not a negotiable promissory note. *First National Bank of Carthage v. Marlow*, 71 Mo. 618; *First National Bank of Trenton v. Gay*, 71 Mo. 627; *Storr v. Wakefield*, 71 Mo. 622. But even were this note negotiable the defendants having offered evidence of duress, fraud, misrepresentation or illegality in the consideration thereof, the *onus* was shifted to plaintiffs to prove that they received it *bona fide*, before maturity and for value. This the plaintiffs made no attempt to prove. *Johnson v. McMurry*, 72 Mo. 278; *Hamilton v. Marks*, 63 Mo. 167. (2) The note and mortgage were obtained by means, and under the influence, of a direct charge of felony against defendant, Charles Green; threats of immediate prosecution unless given; and promises of immunity if given. They are, therefore, void without respect to whether Green was in fact guilty or innocent. R. S., sec. 1433, *Eadie v. Slimmon*, 26 N. Y. 9; *Taylor v. Jaques*, 106 Mass. 291; *National Bank of Oxford v. Kirk*, 90 Pa. St. 49; *Roll v. Raguet*, 4 Ohio 400; S. C. 5 Am. Law. Reg. (O. S.) 420. (3) Upon the hypothesis of Green's guilt plaintiffs cannot recover. The

McCoy v. Green.

maxim *ex turpi causa non oritur actio* applies. Authorities cited, *supra ; Baker v. Farris*, 61 Mo 389 ; *Summers v. Summers*, 54 Mo. 340 ; *Brick Co. v. Cook*, 44 Mo. 29. (4) Upon the hypothesis of Green's innocence plaintiffs cannot recover. If innocent McCoy knew it, and his conduct amounted to moral duress. 1 Story Eq. Jur., § 239 ; *Eadie v. Slimmon*, 26 N. Y. 9 ; *Sharon v. Gager*, 47 Conn. 189 ; *Davis v. Luster*, 64 Mo. 43. And the fact that a claim, so enforced, may have been just constitutes no answer to the charge of duress. *Taylor v. Jaques*, 106 Mass. 291 ; *Osborne v. Robbins*, 36 N. Y. 371 ; *Phelps v. Zusehlag*, 30 Texas 371. (5) The consideration for the note and mortgage was to do an illegal act ; they are therefore tainted with such illegality. In a suit, growing out of any such illegal compact, courts will deny any relief to either party, leaving both where it found them. *In pari delicto potior est conditio defendentis. Davis v. Luster*, 64 Mo. 43 ; *Roll v. Raguet*, 4 Ohio 400. (6) Even if Mrs. Green stands *in delicto*, yet she was placed *in extremis* by the threats of McCoy and is not *in pari delicto* with him. In such cases equity would interfere even to grant affirmative relief to the less guilty ; *a fortiori* it would withhold relief sought by the more guilty. 1 Story Eq. Jur., § 300 ; *Poston v. Balch*, 69 Mo. 115 ; *Gowan v. Gowan*, 30 Mo. 472. (7) Although the amount for which the note was given may have been justly due, yet the note and mortgage were not given upon that consideration alone, but, also, upon the unlawful agreement that Green should not be prosecuted. The court will not attempt to separate the good from the evil consideration ; the whole contract falls. *Summers v. Summers*, 54 Mo. 340 ; *Barton v. Plankroad Co.*, 17 Barb. 397 ; *Rose v. Truax*, 21 Barb. 361 ; *Saratoga Bank v. King*, 44 N. Y. 87.

BLACK, J.—This was a suit to foreclose a mortgage given by the defendants, who are husband and wife, upon the lands of the wife ; and made to secure a note given by both defendants and payable to Joseph McCoy, and

by him assigned to plaintiffs. The defendants filed separate answers. The cause was tried by the court. There was judgment for the defendants. No instructions were asked or given. The cause is here mainly upon the alleged ground that the answer of the defendant, Hulda Green, constituted no defence and on the pleadings and the evidence the judgment should have been for the plaintiffs.

When parties will go to trial and neither save such questions as to sufficiency of the pleadings by demurrer, motion to strike out or to make pleadings more specific, and introduce evidence without objection, they cannot expect this court to examine the pleadings with a very critical eye. Two defences were set up in the answer of Hulda, but it will be necessary only to examine one of them. This, in substance, stated that Joseph McCoy, the payee of the note, and her husband had been engaged in business together, and there had been a settlement between them; that on the day of the date of the note and mortgage, April 3d, 1875, McCoy came to her house with the note and mortgage and there stated that defendant's husband had obtained from him the sum of money mentioned in the note by false pretences; that he had taken the advice of the prosecuting attorney and there was no doubt of the guilt of the defendant's husband, and that unless she signed the note and mortgage he would send her husband to the penitentiary; but if she would sign the note and mortgage he would conceal the crime and would not prosecute him; that she was alarmed and distressed, but in order to save her husband from the penitentiary, on the agreement of said McCoy to conceal the crime and to abstain from the prosecution of her husband she did sign the note and mortgage. There was abundant evidence to sustain the issues thus presented. The objection is, that this defence fails to allege that the crime had been committed or a prosecution commenced.

1. In *Cheltenham Fire Brick Co. v. Cook*, 44 Mo.

40, it was said, where no prosecution has been instituted it is necessary to allege the fact that a crime has been committed, citing *Bank v. Matthewson*, 5 Hill 249. The question of pleading was not presented in *Baker v. Farris*, 61 Mo. 389, because the suit was before a justice of the peace, but the instruction there given and approved, was upon the assumption that if the note was given for the purpose of saving the defendant's son from arrest, or imprisonment, or for the purpose of compromising a charge of obtaining goods under false pretences, then preferred, or about to be preferred, or threatened to be preferred, the same was void. So, also, in *Sumner v. Summers*, 54 Mo. 340, it was said "it is the agreement either express or implied to abstain from prosecution or to dismiss a prosecution already begun, which taints the whole transaction and avoids the contract." Doubtless one who has created a debt or obligation and in doing so has committed a felony may secure such debt, and the security be valid in all respects, and we see no good reason why the wife may not secure the obligation of her husband thus incurred, if she does so freely and upon her own judgment. But contracts made to stifle public prosecutions cannot be upheld. If the contract be made for the purpose and upon the consideration that an impending and threatened prosecution for a felony shall be stopped, it is void. *Roll v. Raguet*, 4 Ohio 400; *Taylor v. Jaques*, 106 Mass. 291; Wharton on Cont., sec. 483. The answer was sufficient.

2. It is, also, insisted that McCoy made no promises, but if any were made, they were made by one Neff who was the half brother of this defendant. McCoy had endeavored to see Mrs. Green, but Mr. Green would not let him see her. He then went to Neff and told him all about the charges against Green; after some persuasion Neff and McCoy went to Green's house, and the charges of embezzlement were related to her. At first she stubbornly refused to make the mortgage; but the evidence

tends to show that she was induced to make it by Neff, who was acting for and at the instance of McCoy. It is clear, therefore, that Neff's acts were in reality the acts of McCoy. It is true, the latter says he did not authorize Neff to promise immunity from arrest, but he does say that he had consulted the county attorney and had a good case; that he would have prosecuted Green if he had not given security.

3. The note contains a stipulation, as follows: "And we further agree to pay all costs and attorney's fees should this note have to be collected by law, including all expenses of collection." This, under the well-settled law of this state, is not a negotiable promissory note. *Bank v. Gay*, 63 Mo. 33; *Samstag v. Conley*, 64 Mo. 476; *Bank v. Marlow*, 71 Mo. 618. And the plaintiffs hold the same subject to an inquiry into the validity of the consideration of both the note and mortgage.

4. Charles L. Green does not question the validity of the note as to himself, and yet the judgment was for him also. The suit to foreclose the mortgage was a statutory proceeding and a suit at law; and was governed by the law regulating civil suits, except as otherwise provided in the statute relating to mortgages and deeds of trust. Section 3303, Revised Statutes. The issues are to be tried as in other civil suits. By the statute regulating civil procedure, judgment may be given for or against one or more of several defendants. Section 3673. In suits to enforce mechanics' liens the plaintiff may, if he fails to show the existence of a lien, have general judgment. We see no reason why the plaintiff may not have general judgment, if he fails to have the pledge enforced. Because such general judgment was not given against Chas. L. Green the judgment is reversed and cause remanded with directions to the circuit court to enter up judgment in accordance herewith. The other judges concur.