Opinion by
White, P. J.
§ 390. Consolidation of suits; not error to refuse, when; case stated. Appellees brought this suit to recover of appellant $1,000 damages for an alleged refusal by appellant to receive and ship one hundred and sixty thousand feet of lumber on its line of railway. Appellee also instituted a similar suit against appellant for refusing to receive and ship cross-ties, at a different date. Appellant moved to consolidate these two suits, and to dismiss, when consolidated, for the want of jurisdiction. The motion to consolidate was overruled, and appellee recovered judgment for $520 damages, and for costs. Held: Where several suits are pending in the same court, between the same parties, in which the causes of action might be joined, it is made discretionary with the couyt to consolidate them upon motion. [E. S. art. 1450.] If the exercise of this discretion be revisable at all in this court, it would only be exercised in a case where an abuse of such discretion is manifest against the party complaining. Where the causes of action are separate and divisible, and suits have been brought in a forum having jurisdiction, the refusal to consolidate, when such consolidation would operate to oust the court of jurisdiction, is not error. [Ante, § 323.] In this cause the cause of action was a refusal to carry lumber; in the other, a refusal to carry cross-ties. The causes of action were separate, and two actions could be maintained thereon.
§ 391. Freight money; prepayment or tender of, to carrier; rules of law as to; allegation as to. With regard to the freight money for the shipment of the lumber, the allegation in the petition was, that plaintiffs were, at the bringing of this suit, and had always been, ready to pay the freight and charges upon said lumber. The evidence showed that neither prepayment, nor tender, of the *342 freight charges had been made by plaintiffs before bringing this suit. It is contended by appellant that p'ayment, or tender thereof, is made a condition precedent to a right of action by the express terms of the statute. The statute referred to is, “ that upon the tender of the legal and customary rates of freight on goods offered for transportation, . . . any common carrier refusing to trans-. port, etc., shall be liable to the party injured for all damages sustained by reason of his refusal, and shall also be liable to a penalty of not less than $5, nor more than $500,” etc. [E. S. art. 279.] Mr. Hutchinson, in his work on Carriers, lays down the following as the law on this subject: “The carrier may also require the prepayment of his freight, and may refuse to carry the goods unless it is paid. While the law compels him, from motives of public policy, to deal with all persons, and leaves him no choice as to his customers, it does not bind him to deal on credit, and he may demand the price of his labor before it is performed. But in a declaration against him for a refusal, it is not necessary to aver a tender of the money for the freight. It is sufficient to aver a readiness and willingness to pay. A demurrer does not he to such a declaration, because it does not appear therefrom that the payment was demanded in advance, and the carrier might have been willing to trust the owner of the goods; and therefore it is enough to say, that he was ready and willing, which means that he would have paid, had the carrier demanded the freights. As was said by Baron Park, ‘ whenever a duty is cast upon a party in consequence of a contemporaneous act of payment to be done by another, it is sufficient if the latter pay or be ready to pay the money when the other is ready to undertake the duty. The money is not required to be paid down until the carrier receives the goods which he is bound to carry.’ It would seem, therefore, that in order to show his readiness to undertake the duty, the carrier must accept the goods before he demands his freight, but may refuse to carry until such payment; and if the owner refuse to *343 pay, the carrier would hold them until returned to the owner, merely as a depositary, because something would yet remain to be done to put him in the relation of carrier to them. If not demanded, and nob required by any rule or regulation of the carrier, known to the owner of the goods, no tender need be made of the carrier’s charges, and he may be sued for his refusal without such tender.” [Hutch, on Carriers, § 116.] Whether or not this rule would be applicable in a suit to recover the penalty provided for by the statute, is not determined.
October 29, 1884.
§ 392. Evidence; expert testimony. It is complained of as error that the witness Hays was allowed to give his opinion as to the number of feet of lumber offered to be shipped, without having ascertained the exact number of feet by actual measurement. Held, not error. The evidence showed that the witness was an expert in the lumber business.
Affirmed.