A. A. JANIS *et al.*, Respondents, v. KATE ROENTGEN *et al.*, Appellants.

St. Louis Court of Appeals, October 23, 1894.

**Promissory Notes:** CONSIDERATION. The extension of the time for the payment of an indebtedness constitutes a valuable consideration for a note given for the debt.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*Henry Boemler* for appellant.

*Rassieur & Schnurmacher* for respondent.

BOND, J.—This suit is for the amount of a promissory note, executed to plaintiffs by defendants on April 2, 1891, for the payment of thirteen hundred dollars after thirty days, with interest at six per cent.

The defendant, Kate Roentgen, filed a separate answer, alleging, in substance, that she signed the note in consideration of an agreement by plaintiffs not to prosecute her co-maker for an embezzlement of certain goods. The evidence adduced by defendants tended strongly support this special defense.

The plaintiff's evidence tended to show that no agreement was made by either of them to compound or conceal the crime with which the defendant Cuno Roentgen was charged, and that the note was given in voluntary payment of the value of goods embezzled by Cuno Roentgen.

The trial resulted in a verdict for the plaintiffs against both defendants, from which the present appeal is taken. This cause was considered by this court on a formal appeal taken by defendants (*Janis v. Roentgen*, 52 Mo. App. 114). Upon the facts then in the record the cause was reversed and remanded, on the ground that the court erred in its application of the law to the facts, and mistook the evidence. At the present trial the case was submitted to the jury upon instructions drawn in strict accord with the rule announced on the former appeal, to the effect that, if the note in question was given upon an agreement, either express or implied, to abstain from the prosecution of one of the makers, it was against public policy and void. The present record shows a conflict in the evidence as to the nature of the agreement for the note. This constrains us to overrule the point made by appellant, that the verdict was against the weight of the evidence.

Nor can we sustain the contention that there was no consideration for the note as against Kate Roentgen. The face of the note shows an extension of the indebtedness of Cuno Roentgen for the definite period of thirty days. This would furnish a sufficient consideration to support the note against Kate Roentgen. *Martin v. Nixon*, 92 Mo. 26.

For the foregoing reasons we must likewise hold that the court did not err in refusing the peremptory instruction requested by appellant, to the effect that the jury must return a verdict in favor of Kate Roentgen. The result is that the judgment herein is affirmed. All concur.