Grandy v. Campbell.

———

NORAH GRANDY, Respondent, v. SUSIE CAMPBELL, Appellant.

Kansas City Court of Appeals, February 6, 1899.

Bills and Notes: MARRIED WOMEN: SURETY FOR HUSBAND: CONSIDERATION. A married woman is bound by her contract as surety for her husband, and an extension of time to the husband is a sufficient consideration for such contract.

Grandy v. Campbell.

*Appeal from the Jackson Circuit Court.*—HON. E. L. SCARRITT, Judge.

AFFIRMED.

Jos. S. BROOKS, for appellant.

(1) A married woman is not bound under section 6864, Revised Statutes of Missouri, where she signs a promissory note as surety for her husband's preexisting debt. Brown v. Dressler, 125 Mo. 589; Ilgenfritz v. Ilgenfritz, 49 Mo. App. 127; Williams v. Schmidt, 84 Ill. 183; Foster v. Conger, 61 Barb. 145; Godfrey v. Megahan, 57 N. W. Rep. 284; Webster v. Helm, 24 S. W. Rep. 488; 1 Randolph, Com. Paper, secs. 285, 289, 279, 284, 292; 2 Id., secs. 466, 562 n.

FRANCIS A. LEACH for respondent.

(1) Forbearance to exercise a right is a good consideration for a contract. Glasscock v. Glasscock, 66 Mo. 627; Martin v. Nixon, 92 Mo. 26; Janis v. Roentgen, 59 Mo. App. 75; Howe v. Taggert, 133 Mass. 287; Lomas v. Smyth & Co., 50 Iowa, 223; Wills v. Ross, 77 Ind. 1; Calkins v. Chandler, 36 Mich. 322; 3 Am. and Eng. Ency. of Law, p. 836; Stewart on Husband and Wife, sec. 134. (2) It is not necessary that the new consideration should be something moving towards the surety; it is sufficient if it be something moving towards the principal obligor. Robertson v. Findley, 31 Mo. 384; Ring v. Kelly, 10 Mo. App. 413; Peck v. Harris, 57 Mo. App. 467. (3) The acceptance of a note with a guaranty implies forbearance towards the original debtor and a sufficient consideration for the guaranty. Munson v. Adams, 89 Ill. 450; Randolph on Com. Paper [Ed. 1888], 471. (4) A married woman in Missouri, since the statutes of 1889, can "contract and be contracted with." R. S. 1889, sec. 6864; McCorkle v. Goldsmith, 60 Mo. App. 480; Hiltenbrandt v. Robitzsch, 62 Mo. App. 437; Grimes v.

Henderson, 74 Mo. App. 280; Brown v. Dressler, 125 Mo. 594; Major v. Holmes, 124 Mass. 108.

GILL, J.—This is a suit on a note for $150 executed by J. M. and Susie Campbell. The case was submitted to the lower court on the following agreed statement of facts:

"It is stipulated and agreed by and between the parties hereto that the defendant, Susie Campbell, is the wife of the defendant, James M. Campbell, and was his wife at the time of the execution of the note in suit. It is further stipulated that the defendant Susie Campbell signed the note as surety for the defendant James M. Campbell for a debt already owing to the plaintiff.

"It is further stipulated and agreed that the defendant Susie Campbell received no consideration for her signature, except the extension of the time of payment of the indebtedness owed by her husband. It is further stipulated and agreed that the plaintiff was pressing for payment at the time and the note was given to secure forbearance and to get a longer time for the payment of same with the wife's signature thereon. And it is further admitted that the wife has a separate estate and that the plaintiff gave such extension relying on the credit of the wife."

On this statement of facts, together with the note which was introduced in evidence, the court gave judgment for plaintiff and defendant appealed.

I. The judgment is manifestly for the right party. Under our present statute relating to married women, the wife is no longer subject to the common law disability to contract, *except* only when she attempts to contract with her husband. This exception remains because the statute did not remove the *husband's* disabilities. As to the wife, however, the new section engrafted by the revision of 1889, provides that she "shall be deemed a *femme sole* so far as to enable her to carry on and transact business on

BILLS and notes: married women: surety for husband: consideration.

her own account, *to contract and be contracted with,* to sue and be sued," etc. R. S. 1889, sec. 6864. "The power to contract here given is as broad as that of a *femme sole*—not limited to any particular class of contracts, or confined to any species of property." Brown v. Dressler, 125 Mo. 589. Or, as the St. Louis court of appeals states it, "the intention of the legislature was to confer upon a married woman the absolute freedom of contract as to all the world, except her husband." McCorkle v. Goldsmith, 60 Mo. App. 475.

Under the facts agreed in the case at bar, the defendant, a married woman, contracted with the plaintiff to stand as security for her husband on the note in suit. This was as binding on the defendant as if she had been single and unmarried. There was too ample consideration for the defendant's promise. By thus joining in her husband's note she secured an extension of time for the payment of an existing debt. This was a sufficient consideration to support the contract. Janis v. Roentgen, 59 Mo. App. 75, and other authorities cited in plaintiff's brief. Judgment affirmed. All concur.