GREEN *v.* HIGGIN MANUFACTURING COMPANY.

---

NEGOTIABLE INSTRUMENTS; DURESS; EVIDENCE; CONTRACTS; WAIVER.

1. Where one of the defenses to an action by the holder against the

Note.—Generally on validity of contracts procured by threats of prosecution of a relative, see notes in 26 L.R.A. 48; 20 L.R.A.(N.S.) 484; and 37 L.R.A.(N.S.) 539.

indorser of certain promissory notes made by the son of the indorser is that the indorsement was procured under duress by threats of a criminal prosecution of his son, and it appears that the notes were mailed by the son to his father for the latter's indorsement, it is not error for the trial court to sustain an objection by the plaintiff to a question asked the son as to what knowledge, derived from the plaintiff, he, the son, had, when he sent the notes to his father, concerning the criminal prosecution; especially where it appears that the entire transaction between the parties was by correspondence, which has been read in evidence, and which fails to show any such threat was ever made, and the son has already testified that he had understood from the correspondence that there was an intention to prosecute him.

2. In an action on promissory notes against an indorser, where the declaration contains both special counts and the common counts, evidence is admissible under both that the defendant waived presentment and notice of nonpayment, and promised to pay the notes.

3. While a contract will not be enforced where it is the result of a bargain to suspend a criminal prosecution (citing *O'Toole* v. *Lamson*, 41 App. D. C. 276), the trial court properly refuses to direct a verdict for the defendant in an action against the indorser of promissory notes, whose defense is that he indorsed the notes because of threats to criminally prosecute the maker, his son, where there is no evidence to support such defense, and it does not even clearly appear that the son had committed any criminal offense.

No. 2836.   Submitted November 4, 1915.   Decided November 29, 1915.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action on promissory notes against an indorser.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

The Higgin Manufacturing Company sued Galen E. Green as indorser of certain notes given by his son, Cuvier Green, amounting to seven hundred and fifty-six dollars and eighteen cents ($756.18), with interest from February 1, 1909, which notes had been presented for payment, protested, and notice given. The declaration set out the notes, notice, and protest, and also contained the common money counts.

The defendant pleaded limitations, nonassumpsit, and that the indorsement was procured under duress by threats of a criminal prosecution of his son, Cuvier Green, for embezzlement, and to stifle the prosecution therefor.

Plaintiff's evidence tended to show that Cuvier Green was sales agent for plaintiff in Kansas City, Missouri, and became indebted to plaintiff in about $956.18. Cuvier Green wrote plaintiff that he was willing to pay $100 in cash and give notes for $100 each, payable in six months, and saying that he had written to his father, Galen E. Green, to indorse the notes, his father having in his hands certain property of Cuvier Green. The notes were executed by Cuvier Green, mailed to Galen E. Green, who indorsed and returned them, and they were mailed to plaintiff. The first note was paid. Galen E. Green wrote that he had property in his hands left by Cuvier Green's mother, and that his part would be ample to pay the debt.

Plaintiff's witness testified that there had been no threat to prosecute Cuvier Green criminally; the notes were presented to the maker, and notice of nonpayment given to Galen E. Green.

The notes were read in evidence.

The certificate of the notary public, showing presentment, demand, and protest, was offered, but excluded by the court because a certificate of a notary public outside of the District of Columbia was no proof of the facts. See D. C. Code, sec. 1422 [31 Stat. at L. 1407, chap. 854].

Plaintiff then offered evidence tending to show waiver of notice and promise to pay by the indorser. This was objected to on the ground that as there was no averment in the special counts as to notice, they could not be relied on to support a verdict against an indorser. The court overruled the objection, and the defendant excepted.

Defendant offered Cuvier Green as a witness and asked him the following question, "At the time of writing the letter inclosing the notes to your father for indorsement, what, if any, knowledge had you concerning the intention of the company towards you, that knowledge being derived from any statement

made to you by any officer of the company concerning criminal prosecution?" Plaintiff objected.

The court sustained the objection and the defendant excepted.

He was asked by plaintiff's counsel, "What motive induced you to execute those notes?" He replied, "Some letters that I had received on several occasions from them that gave me to understand that if I didn't they would prosecute."

At the close of the testimony defendant prayed the court to instruct the jury that there was not sufficient evidence in the case to justify a verdict in favor of the plaintiff and their verdict should be for the defendant.

This was refused and an exception taken.

Thereupon the court charged the jury as follows:

"If the jury find from a fair balance of the evidence that the defendant, Galen E. Green, with full knowledge that he was not liable, after maturity, on the notes as indorser, by reason of plaintiff's failure to comply with the statutory provisions, acknowledged, either in any letter offered in evidence or verbally, to the plaintiff or its agents a continued liability, or promised to pay said notes, then the jury are instructed that their verdict should be in favor of the plaintiff."

Exception was taken to this by the defendant on the ground that there being no proof to support the averment of the special counts as to notice, those counts would not support a verdict, and that because the common counts cannot be relied on to support a verdict against an indorser the instruction was erroneous.

The jury found for the plaintiff for the amount of the notes.

*Mr. John Ridout* for the appellant.

*Mr. Edwin C. Brandenburg, Mr. Clarence A. Brandenburg* and *Mr. F. Walter Brandenburg* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The defendant assigned for error (1) the action of the court

in sustaining plaintiff's objection to the question addressed to Cuvier Green as to his knowledge of plaintiff's intention to criminally prosecute him if his father's indorsement were not obtained; (2) in refusing to grant the instruction asked by defendant for a directed verdict in favor of defendant; (3) in instructing the jury that if by verbal admission, or written admission, with notice that his liability had not been fixed, the defendant agreed, after maturity, to pay said notes, the defendant was liable under the common counts.

1. The first assignment of error is not well taken. The court did not err in excluding the answer to the question. The question was not directed to elicit any statement by the plaintiff's officials as to their intention to prosecute.

The intention of the party was to be deduced from statements made, and not by the belief of Cuvier Green as to any intention. Moreover, it appeared that the whole of the transaction between the parties was by correspondence. This correspondence was read in evidence. Cuvier Green had already testified that he understood from the letters the intention to prosecute him. The letters do not show that any such threat was made.

2. We are not concerned with the question whether the certificate of the notary public of presentment, nonpayment, and protest was admissible under section 1422 of the Code [31 Stat. at L. 1407, chap. 854].

Waiver of notice is provided for by sections 1413 and 1415.

This evidence was admissible under the allegations of the declaration. *Manning* v. *Maroney,* 87 Ala. 563–567, 13 Am. St. Rep. 67, 6 So. 343; *Norton* v. *Lewis,* 2 Conn. 478–480; *Tobey* v. *Berly,* 26 Ill. 426–431; *Harrison* v. *Bailey,* 99 Mass. 620, 621, 97 Am. Dec. 63; *Smith* v. *Poillon,* 87 N. Y. 590–594, 41 Am. Rep. 402.

It was also admissible under the common counts. *Frazer* v. *Carpenter,* 2 McLean, 235, 236, Fed. Cas. No. 5,069; *Raborg* v. *Peyton,* 2 Wheat. 385, 4 L. ed. 268; *Page* v. *Bank of Alexandria,* 7 Wheat. 35, 5 L. ed. 390.

3. There was no error in refusing defendant's request for a verdict.

The motion to instruct a verdict for the defendant was founded on the proposition that a note executed with intent to stifle a prosecution for a criminal offense is against public policy and void.

It is true the welfare of society demands that individuals should not be permitted to interfere with the administration of justice by bargaining for the suspension of prosecution of a case if the offense is made punishable by law. *O'Toole* v. *Lamson,* 41 App. D. C. 276; *Fosdick* v. *Van Arsdale,* 74 Mich. 302–308, 41 N. W. 931; *Baker* v. *Farris,* 61 Mo. 389; *Steuben County Bank* v. *Mathewson,* 5 Hill, 249–252.

But there was no evidence in this case to the effect that this was the consideration of the indorsement or of the making of the notes.

It does not clearly appear that Cuvier Green as agent for the plaintiff had committed embezzlement. It certainly does not appear from the correspondence that he was threatened with prosecution therefor, and executed the notes or procured the indorsement of his father for that reason. They appear to have been given to pay a debt, and not to suppress a criminal prosecution. *Bibb* v. *Hitchcock,* 49 Ala. 468–475, 20 Am. Rep. 288.

The judgment is affirmed, with costs.                     *Affirmed.*