**ALLEN FOODS, INC., Respondent,**

v.

**Robert LAWLOR, Appellant.**

**No. ED 79967.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 21, 2003.

Heidi L. Leopold, Martin, Malec & Leopold, P.C., St. Louis, MO, for appellant.

Jane Cohen, St. Louis, MO, for respondent.

PAUL J. SIMON, Presiding Judge.

Robert Lawlor (defendant) appeals from the judgment of the trial court entered in favor of Allen Foods, Inc. (plaintiff) for breach of a promissory note.

On appeal, defendant contends the trial court erred in granting judgment against him because the promissory note lacks consideration in that: (1) it was not entered into for payment of an antecedent debt or any other valid consideration and is thus unenforceable and for the reason that alleged forbearance of criminal prosecution cannot support the note as same is against public policy and in violation of Missouri criminal statutes and (2) defendant signed the note as an individual, not as a corporate officer or on behalf of the corporation, and therefore, there was no separate consideration flowing to defendant. We reverse.

We will sustain the judgment of the trial court unless: (1) there is no substantial evidence to support it; (2) it is against the weight of the evidence; or (3) it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo.banc 1976).

In a suit on a note the holder makes a prima facie case by producing the note

admittedly signed by the maker and showing the balance due. *Sverdrup Corp. v. Politis,* 888 S.W.2d 753, 755 (Mo.App. E.D. 1994). The burden then rests upon defendant to establish a lack of consideration, an affirmative defense, by clear, cogent and convincing evidence. *Id.*

Viewed in a light most favorable to the judgment, the record reveals the following: Defendant was an officer of K–Brew, Inc., owner of Kilabrew's restaurant/bar. K–Brew, Inc. and plaintiff maintained at least a five-year business relationship lasting until October 1999, during which Plaintiff, a food and equipment wholesaler, supplied goods and merchandise to K–Brew, Inc.

On April 26, 2000, defendant individually signed, as maker, a promissory note to plaintiff, which was accepted by Timothy W. Mahoney, plaintiff's credit manager. According to the note, defendant personally promised: (1) the full and prompt payment to plaintiff of $17,257.65, which was the unpaid balance of K–Brew, Inc.'s obligation to plaintiff, payable in 17 equal and consecutive bi-weekly installments of $1000 plus a final payment of $257.65, including principal and interest, with the first installment due May 12, 2000; (2) the entire unpaid principal balance together with all accrued interest, with the interest thereafter accruing on the unpaid balance at the rate of 18% per annum if default be made in the payment of any of the installments; and (3) all costs of collection, including reasonable attorney's fees if the note is placed in the hands of an attorney or collection agency to obtain payment.

On January 19, 2001, plaintiff filed a petition for breach of the promissory note attaching as exhibits copies of the promissory note and K–Brew, Inc.'s account balance. In the petition, plaintiff alleged: (1) from April 27, 2000 to July 12, 2000, defendant made payments on the account in the total of $8,372.43; (2) defendant failed to make any other payments on the note after all offsets and credits, there remains due and payable to plaintiff from defendant a balance of $8,293.63. The trial court entered a default judgment in favor of plaintiff because defendant failed to appear after being called three times. Defendant filed a motion to set aside the judgment, which was granted. He also filed his answer admitting that the promissory note was signed in April 2000, but denying his asserted liability under the note and alleging in part that there was inadequate consideration in that the amount claimed by plaintiff under the note was an antecedent debt owed by prior owners of K–Brew, Inc. and alleged an affirmative defense setting forth the following: (1) there is insufficient consideration to support the promissory note; (2) the promissory note is based on antecedent debt or debt incurred prior to April 2000, and that there is insufficient consideration in that respect; and (3) there is no consideration flowing to him to support the assumption of corporate debt.

The case proceeded to trial without a jury. Mahoney, the only witness, testified for plaintiff that defendant signed the promissory note on April 26, 2000, in his presence, for the amount still owed by K–Brew, Inc. He also testified that no additional food or otherwise was given to K–Brew, Inc. in reliance of the note and that defendant was "pretty much closing up shop at that point."

Mahoney also identified plaintiff's Exhibit F, four insufficient funds checks, which are not part of the record on appeal, that were "signed by defendant" and "returned from the bank on [defendant's] account." The checks were dated from March 1999 to July 1999, and were in the amounts of: (1) $3,185.50; (2) $2,500; (3) $4,668.95; and (4) $2,497.08. He also testified that he personally dealt with the St.

Louis City Police Department in trying to apprehend defendant on a warrant that was issued for his arrest relating to the bad checks and that "in return for signing the note, we dismissed the charges with the St. Louis City Police Department against [defendant] for passing bad checks." Further, he considered payment on the note a personal guarantee by defendant. He testified that after the promissory note was signed he notified the City of St. Louis that payment was received in the form of the note from defendant personally. Mahoney testified that the last payment received on the note was on February 19, 2001, and that there still remained an unpaid principal balance of $6,863.44. The trial court entered a judgment of $13,342.94 plus costs in favor of plaintiff.

■ In his first point on appeal, defendant contends the trial court erred in granting judgment against defendant because the promissory note at issue lacks consideration in that the note was not entered into for payment of an antecedent debt or any other valid consideration and is thus unenforceable and for the reason that alleged forbearance of criminal prosecution cannot support the note as same is against public policy and in violation of Missouri criminal statutes.

The laws and judicial decisions of our state, as well as the applicable principles of common law are essential in determining whether the contract is contrary to our public policy. *Fidelity & Deposit Co. of Maryland v. Grand Nat. Bank of St. Louis*, 69 F.2d 177, 180 (8th Cir.1934). Our legislature expressed our public policy in the enactment of Section 575.020 RSMo (all further references hereinafter shall be to RSMo unless otherwise indicated), which provides in pertinent part:

1. A person commits the crime of concealing an offense if:

(1) He confers or agrees to confer any pecuniary benefit or other consideration to any person in consideration of that person's concealing of any offense, refraining from initiating or aiding in the prosecution of an offense, or withholding any evidence thereof; or

(2) He accepts or agrees to accept any pecuniary benefit or other consideration in consideration of his concealing any offense, refraining from initiating or aiding in the prosecution of an offense, or withholding any evidence thereof.

\* \* \* \* \* \*

■ An agreement to stifle a prosecution, suppress evidence, compound an offense or conceal a crime which has been committed is void because it is contrary to public policy. *Fidelity & Deposit Co. of Maryland* at 180. An agreement either express or implied to abstain from prosecution or to dismiss a prosecution already begun, taints the whole transaction and avoids the contract. *McCoy v. Green*, 83 Mo. 626, 632 (Mo.1884). Contracts made to stifle criminal prosecutions cannot be upheld. *Id.* If the contract be made for the purpose and upon the consideration that an impending and threatened prosecution for a crime shall be stopped, it is void. *Id., See also Mississippi Valley Trust Co. v. Begley et al.*, 298 Mo. 684, 252 S.W. 76 (1923).

According to Mahoney's testimony, the antecedent debt owed to plaintiff was incurred by K–Brew, Inc. Although defendant wrote checks from his account to pay the corporation's debt, he was not personally liable to plaintiff until the checks were returned for insufficient funds. Subsequently, defendant signed the promissory note, however, the only evidence adduced at trial in regard to consideration was Mahoney's testimony that "in return for

signing the note, we dismissed charges with the St. Louis City Police Department against [defendant] for passing bad checks." As such, we find that clear, cogent and convincing evidence existed to support a finding that the promissory note was signed for the purpose and consideration that the impending prosecution of defendant would be stopped, and therefore, such agreement is contrary to public policy. As such we find the promissory note to be void, and it is not necessary to address the second point on appeal.

Judgment reversed.

GARY M. GAERTNER, SR. and KATHIANNE KNAUP CRANE, JJ., concur.